UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


JUSTIN MERTIS BARBER,

                Petitioner,

vs.                              Case No. 3:16-cv-200-J-25JRK

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

                Respondents.

_____

## ORDER

### I.  INTRODUCTION

Petitioner Justin Mertis Barber initiated this case by filing a Petition for Writ of Habeas Corpus (Doc. 1).  He is represented by counsel.  Through an Amended Petition for Writ of Habeas Corpus (Petition) (Doc. 6) pursuant to 28 U.S.C. § 2254, he challenges his state court (St. Johns County) conviction for first degree murder with a firearm.  Respondents filed a Response to Petition (Response) (Doc. 23).[1]  Petitioner's Amended Reply to State's Response (Reply) (Doc. 29) followed.  As relief, Petitioner asks

_____

[1] The Court hereinafter refers to the Exhibits to the Appendix (Docs. 11-1 to 11-21) as "Ex."  Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page of the exhibit.  Otherwise, the page number on the document will be referenced.

that this Court "[v]acate and set aside the plea, judgment and sentence and if relief is not summarily granted, set the petition for an evidentiary hearing." Petition at 14.[2]

## II.   EVIDENTIARY HEARING

It is Petitioner's burden to establish a need for an evidentiary hearing. See Chavez v. Sec'y, Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011) (opining a petitioner bears the burden of establishing the need for an evidentiary hearing with more than speculative and inconcrete claims of need), cert. denied, 565 U.S. 1120 (2012). The Court finds no need for an evidentiary hearing as the pertinent facts are fully developed in this record or the record otherwise precludes habeas relief. In this case, the state court conducted an evidentiary hearing on Petitioner's initial Rule 3.850 motion. As such, the Court can "adequately assess [Petitioner's] claim[s] without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004). Therefore, Petitioner is not entitled to an evidentiary hearing. Schriro v. Landrigan, 550 U.S. 465, 474 (2007).

---

[2] With respect to the Petition, Response, and Reply, the Court will refer to the page numbers assigned by the electronic filing system.

## III.  CLAIMS OF PETITION

Petitioner raises eleven grounds in the Petition:  (1) the trial court erred in denying Barber's motion for new trial when the evidence in this purely circumstantial evidence case did not meet the state's burden of proof beyond a reasonable doubt; (2) the holding of the Florida Court of Appeals that Barber could not rely upon a finding of ultimate fact made by the trial judge at a death penalty aggravator hearing, when that finding of fact was based solely on trial evidence and not on any new evidence at the aggravator hearing, to resolve Barber's appellate challenge to the legal insufficiency of the evidence at trial, violated the collateral-estoppel component of the double jeopardy clause, which requires the court to give binding effect to a prior determination of an issue of ultimate fact under Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189 (1970); (3) the trial court violated Barber's right to due process in denying Barber's request to interview jurors to determine whether the jury had been tainted by improper publicity; (4) Barber was denied effective assistance of counsel arising out of a conflict of interest which actually prejudiced Barber because it resulted in his taking the case to trial, when he could have and would have entered into a plea agreement but for the advice of counsel that the case would be won if taken to trial; (5) Barber was denied effective assistance of counsel arising out of a failure

to use photographic evidence the state disclosed in pretrial discovery to the defense, that is, the very first crime scene photos made by law enforcement, photos which clearly showed no blood flow on the victim's face, and which thereby directly contradicted a key element of the state's case; (6) Barber was denied effective assistance of counsel arising out of a failure to timely poll the jury concerning pretrial and trial publicity and to adequately and timely challenge the publicity created by Maureen Christine, the prosecutor who brought the indictment in this case; (7) Barber was denied effective assistance of counsel arising out of a failure to challenge the prosecutorial misconduct associated with the prosecution's threat to charge Shannon Kennedy with perjury;[3] (8) Barber was denied effective assistance of counsel arising out of a failure to challenge the false testimony of Detective Cole concerning David Shuey (that is, that there had been no similar attacks on the beach, when in fact Shuey had committed a similar assault at the beach); (9) Barber was denied effective assistance of counsel arising out of a failure to object to the failure to fully sequester the jurors but instead allowing them access to their mobile phones; (10) Barber is actually innocent and his conviction constitutes a manifest injustice and

_____

[3] In his Reply, Petitioner abandons ground seven. Reply at 98.

fundamental miscarriage of justice; and (11) the trial court violated Barber's right to due process in summarily denying Barber's 3.850 motion based on his discovery of juror misconduct during voir dire of his trial. Barber was denied his right to a fundamentally fair trial guaranteed Barber by the Sixth Amendment to the United States Constitution applicable to Barber under the Fourteenth Amendment to the Constitution when a juror misled counsel during voir dire in response to a line of inquiry about law enforcement background and prior employment, and had the juror truthfully disclosed her prior employment by the FBI Barber would have requested his counsel to strike her from the jury and counsel would have struck her. Petition at 21, 31, 37, 43, 46, 49, 57–60.

## IV. SUFFICIENCY OF PETITION

Respondents assert the Petition is legally insufficient because Barber's claims are included in an insert and his supporting facts are in an appendix. Response at 38. Respondents complain that neither are sworn to or signed, and the document exceeds twenty-five pages in length. Id. Petitioner responds that he submitted forty-two pages of facts to satisfy the fact pleading requirement, and that the habeas petition form for actions pursuant to 28 U.S.C. § 2254 found on the United States District Court for the Middle District of Florida webpage allows

Petitioner's use of an attachment for grounds and facts if more pages are necessary, and in this case, the submission of extra pages was necessary. Reply at 17. Additionally, the habeas form Petition is signed by Petitioner under penalty of perjury. Id.

Upon closer review of the Petition, the first sixteen pages are based on the habeas form. Petition at 1-16. Petitioner signed the Petition under penalty of perjury. Id. at 16. In "Insert A," Petitioner provides the Statement of Grounds. Id. at 17-20. The grounds and the statement of facts supporting those grounds are in the Appendix to § 2254 Petition of Justin Mertis Barber Statement of Supporting Facts Grounds 1-11 Inclusive. Id. at 21-62.

Petitioner filed his initial petition on March 1, 2016 (Doc. 1). The Instructions for a Petition for Relief From a Conviction or Sentence By a Person in State Custody (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus), revised May 21, 2013, states: "You may submit additional pages if necessary." It also includes this cautionary instruction: "You must include in this petition all the grounds for relief from conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date." Id. Of note, the AO 241 (Rev. 10/07) Petition Under 28 U.S.C. §

2254 for Writ of Habeas Corpus by a Person in State Custody form also directs a petitioner to "[a]ttach additional pages if you have more than four grounds. State the facts supporting each ground." It warns that failure to set forth all the grounds may result in a petitioner being barred from presenting additional grounds at a later date. Id. This same language is included in the May 21, 2013, revised habeas form.

The current Appendix of Forms[4] attached to the Rules Governing Section 2254 Cases in the United States District Courts, includes Instructions which direct a petitioner to answer all the questions and provides: "[y]ou may submit additional pages if necessary." Again, there is a cautionary instruction to include in the petition all grounds for relief and a directive to state the facts that support each ground. Id. In particular, the habeas form, number twelve (emphasis added), states:

> For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. **Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.**
>
> <u>CATUION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state court remedies on each ground on which you request action by the federal court.</u> **<u>Also, if you fail to set forth all the</u>**

---

[4] The Appendix of Forms, with Instructions, is "[a]s amended Apr. 28, 1982, eff. Aug. 1, 1982; Apr. 26, 2004, eff. Dec. 1, 2004."

**grounds in this petition, you may be barred from presenting additional grounds at a later date.**

Finally, the Rules form, after the statement of relief, contains the signature line for the attorney and a signature line for the Petitioner, including the same language used by Petitioner in this case: "I declare . . . under penalty of perjury that the foregoing is true and correct[.]" <u>See</u> Petition at 16. Upon review, both Petitioner and his counsel signed the form. <u>Id</u>. at 15-16.

After careful consideration, the Court finds no merit to Respondents contention that the Petition is legally insufficient because Petitioner included an insert and presented his supporting facts in an appendix. The instructions and the form for habeas petitions invited Petitioner to do so. Obviously, Petitioner has presented more than four grounds in the Petition. Petitioner summarily set forth his grounds and then presented, in an orderly and easily discernible fashion, each ground with its supporting facts. Although the Petition is somewhat lengthy, the instructions clearly allow for additional pages and warn a petitioner to set forth all the grounds in this petition or be forewarned that a later submission of additional grounds may be barred. The Petitioner, as instructed, signed the habeas form under penalty of perjury, and his counsel signed the form as well.

8

As such, Petitioner has satisfied pleading requirements. Respondents' request that this Court summarily dismiss the Petition as "legally deficient" is denied.

## V.  TIMELINESS

Respondents assert the Petition is untimely.  Response at 40. Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), there is a one-year period of limitation:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other

collateral review with respect to the pertinent judgment
or claim is pending shall not be counted toward any
period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents, in their Response, contend Petitioner has
failed to comply with the limitation period described above. In
order to properly address this contention, the Court provides a
brief procedural history. Petitioner was charged by indictment
with first degree murder (firearm). Ex. 1 at 1. The state filed
a Notice of State[']s Intent to Seek the Death Penalty. Ex. 2 at
328. The jury returned a verdict of guilty as charged in the
indictment and made a special finding that Petitioner possessed
and discharged a firearm and inflicted death or great bodily harm
to another person. Ex. 7 at 1206. After a penalty phase
proceeding, the jury, by a majority vote of 8-4, advised and
recommended to the court that it impose the death penalty. Id.
at 1214.

The trial court conducted a sentencing proceeding. Ex. 14
at 1952-63. Although the court found the state proved beyond a
reasonable doubt the murder was motivated at least in part for
pecuniary gain, assigning medium weight to the aggravator, and the
state proved beyond a reasonable doubt the murder was committed in
a cold, calculated, and premeditated manner, assigning great
weight to the aggravator, the court found the state had not proven

beyond a reasonable doubt the capital felony was especially heinous, atrocious and cruel, giving it no consideration. Id. at 1957-59. The court gave the statutory mitigator of no prior criminal behavior established by stipulation great weight. Id. at 1959. The court gave Petitioner's education and employment background, a statutory mitigator, medium weight. Id. The court considered non-statutory mitigating circumstances (non-violent past – medium weight; love of family – little weight). Id. at 1959-60. It declined to give the jury recommendation great weight because Petitioner refused to present any mitigation and/or argument, other than the stipulation. Id. at 1960-61. After weighing the aggravating and mitigating factors, the court concluded the murder was not the most aggravated and unmitigated of crimes for which the death penalty is reserved, and sentenced Petitioner to life imprisonment without the possibility of parole. Id. at 1961.

Petitioner appealed. Ex. 29; Ex. 30; Ex. 31. The Fifth District Court of Appeal (5th DCA), by written opinion on January 23, 2009, affirmed. Ex. 32. On March 6, 2009, the 5th DCA denied rehearing. Ex. 34. The mandate issued on March 25, 2009. Ex. 35.

Petitioner filed a Petition for Writ of Certiorari. Ex. 36. On Monday, October 5, 2009, the United States Supreme Court denied

the petition, rendering the conviction final.  Ex. 38.  The limitation period began running the following day, Tuesday, October 6, 2009.  Petitioner filed his first Rule 3.850 motion on October 4, 2010, tolling the limitation period (two days remained in the limitation period when Petitioner filed his post-conviction motion).  Ex. 39.  When counsel appealed the denial of the initial Rule 3.850 motion to the 5th DCA, he apparently filed a motion to stay the appeal and requested the appellate court relinquish jurisdiction to the circuit court to pursue a juror interview and litigate the claim.  Reply at 11-12.[5]  According to Petitioner, the 5th DCA denied relinquishment.  Id.  The 5th DCA affirmed per curiam on August 5, 2014.  Ex. 48.  The mandate issued on Tuesday, September 23, 2014.  Ex. 51.  Post-conviction counsel filed the second post-conviction motion after the 5th DCA's decision, but prior to the mandate being issued on September 23, 2014.[6]

On August 29, 2014, Petitioner filed his Amended Second Rule 3.850 motion, alleging newly discovered evidence of juror misconduct.  Ex. 52.  The state responded by filing State's Motion

---

[5] Neither party provided the documents regarding the motion to stay, any opposition to the motion to stay, and the 5th DCA's denial of the motion to stay.  The Court assumes for the purposes of this opinion the procedural history provided is accurate in this regard.

[6] Apparently, Petitioner filed a second Rule 3.850 motion on August 13, 2014.  Response at 35.

to deny Defendant's Pending Motion Pursuant to Rule 3.850, arguing the claim relies on inadmissible hearsay; the claim is successive and procedurally barred; and assuming the allegations are true and the claim is addressed on its merits, Petitioner has not made the required showing to be entitled to an evidentiary hearing.  Ex. 53.

The trial court entered a written order denying the Amended Second Rule 3.850 motion.  Ex. 54.  The court assumed the alleged facts were true and the alleged "newly discovered evidence" was not time barred, but also found Petitioner could not make the requisite showing.  Id. at 3-4.  In its findings, the court held, "the failure to discover the concealed facts must not be due to want of diligence of the complaining party.  Once again, neither Juror #161 nor the panel was ever asked about employment or personal experience with law enforcement."  Id. at 4.  Petitioner appealed the denial of his Amended Second Rule 3.850 motion, Ex. 55, and the 5th DCA per curiam affirmed on February 16, 2016.  Ex. 56.  The mandate issued on April 6, 2016.  Ex. 59.  Meanwhile, Petitioner filed his initial federal petition (Doc. 1) on March 1, 2016.

Based on the history outlined above, the Petition filed in 2016 is untimely and due to be dismissed unless Petitioner can establish that his August 13, 2014 second Rule 3.850 motion,

claiming newly discovered evidence, tolled the limitations period until Petitioner filed his initial federal petition, or that he can establish that equitable tolling of the statute of limitations is warranted.

Petitioner's post-conviction counsel states he memorialized the information upon which the newly discovered evidence claim was based by writing an email to trial counsel on December 14, 2012 (Doc. 29 at 137-39). The trial court did not deny the first Rule 3.850 until April 18, 2013. Petitioner did not bring the matter of the alleged juror misconduct to the attention of the trial court prior to its ruling on the initial Rule 3.850 motion, although he had months to do so.

The record shows, in his Amended Second Rule 3.850 motion, Petitioner claimed:

> **This evidence was newly discovered by Barber after the direct appeal and after the adjudication of the initial 3.850 motion**, as explained in the attached affidavit. It is being raised under Rule 3.850(b)(1) as newly discovered evidence. Counsel attempted to raise this issue earlier during the appeal of the denial of the initial 3.850 motion to the Florida Fifth District Court of Appeal and filed a motion with the Fifth District Court of Appeal to relinquish jurisdiction to this Court for the purpose of litigating this claim, but that motion to relinquish jurisdiction was denied, therefore, this claim is being presented at the earliest time possible under Florida law.

Ex. 52 at 9 (emphasis added).

Petitioner, in his Reply, submits that Florida law allows for two years from the finality of the direct appeal (two years from October 5, 2009, the denial of petition for writ of certiorari) to file a Rule 3.850 motion and the motion can be amended at any time within the two-year period so long as the state has not responded to the motion and the court has not ruled on the motion. Reply at 9. He further states that the state never responded to the motion;[7] therefore, Petitioner had until October 5, 2011 to file an amendment to the original motion. <u>Id</u>. Finally, Petitioner points out the circuit court expressly ordered that all amendments be filed by October 5, 2011, the two-year deadline. <u>Id</u>. at 10.

Florida law provides for an exception to the general rule a defendant must file his motion for post-conviction relief in a non-capital case within two years of the date on which the judgment and sentence became final. Rule 3.850(b), Fla. R. Crim. P. An exception to the two-year time bar is the discovery of new evidence, the facts on which the claim is predicated were unknown to the movant or the movant's attorney and **could not have been ascertained by the exercise of due diligence**. Rule 3.850(b)(1)

---

[7] Contrary to Petitioner's contention, the record demonstrates the state did respond to the Rule 3.850 motion by filing the State's October 29, 2012 Motion to Deny Defendant's Pending Motion Pursuant to Rule 3.850. Ex. 41 at 490-98.

(emphasis added). Under this exception, the claim must be made within two years of the time the new facts were or could have been discovered with the exercise of due diligence. Id. See Smith v. State, 990 So.2d 1199, 1205 (Fla. 5th DCA 2008) (amending the initial Rule 3.850 motion prior to resolution of the motion is the better practice); Jones v. State, 591 So.2d 911, 913 (Fla. 1991) (per curiam) ("allegations of newly discovered evidence fall within the exception to the two-year requirement of rule 3.850"); Blake v. State, 152 So.3d 66, 68 (Fla. 2nd DCA 2014) (per curiam) ("A claim of newly discovered evidence can be an exception to the two-year time limitation in Rule 3.850(b).").

It matters not that the circuit court did not specifically address timeliness in rejecting Petitioner's Amended Second Rule 3.850 motion; "[a] state court does not have to explicitly make a timeliness ruling" before the federal court can find a post-conviction motion untimely and not properly filed for tolling purposes under AEDPA. Stephens v. Sec'y, Dep't of Corr., No. 5:18-cv-9-02PRL, 2019 WL 4918711, at *3 (M.D. Fla. Oct. 4, 2019). See Jones v. Sec'y, Fla. Dep't of Corr., 906 F.3d 1339, 1346 (11th Cir. 2018) (recognizing the state court does not have to make a timeliness ruling before a federal court can find the post-conviction motion untimely and not properly filed pursuant to 28 U.S.C. § 2244(d)(2)), cert. denied, 139 S. Ct. 1384 (2019).

Accordingly, this Court must undertake an examination of timeliness and decide what the state courts would have found with respect to timeliness. Walton v. Sec'y, Fla. Dep't of Corr., 661 F.3d 1308, 1312 (11th Cir. 2011) (citing Evans v. Chavis, 546 U.S. 189, 198 (2006)), cert. denied, 568 U.S. 853 (2012). It is important to recognize: "[w]e are applying a federal statute and are guided by congressional intent. We will not allow the tolling of AEDPA's limitations period when it is clear that the petitioner failed to seek timely review in state court." Gorby v. McNeil, 530 F.3d 1363, 1368 (11th Cir. 2008) (per curiam) (citation omitted), cert. denied, 556 U.S. 1109 (2009).

As noted by Respondents, although the trial court did not expressly address timeliness it did find the facts could have been ascertained at trial, and the failure to discover the facts was due to want of diligence of the complaining party. Response at 42-43. The trial court concluded that, during voir dire, the panel was never asked about employment or personal experience with law enforcement.[8] Ex. 54 at 4. As a result, Juror #161 did not

---

[8] The trial record demonstrates Patricia Steder, Juror #161, served on the jury. Ex. 15 at 18. During voir dire, the court asked whether the panel had any close friends or immediate family members with experience in law enforcement. Id. at 67. The record further demonstrates that when asked what she did, Ms. Steder responded she owns a bed and breakfast. Id. at 73. Upon inquiry by defense counsel, she said she had managed the bed and breakfast for eight years. Ex. 16 at 127. When asked what she did before

conceal her prior employment with the FBI as she was never asked about her employment or personal experience with law enforcement. Id. at 3. Instead, the panel was asked if close friends or immediate family members had experience in law enforcement. Id. Thus, the trial court concluded Petitioner could have discovered the evidence at trial. See Jones v. Sec'y, Fla. Dep't of Corr., 906 F.3d at 1350 (concluding untimeliness finding subsumed within denial of relief because the petitioner could have discovered the evidence).

In the case at bar, the evidence at issue does not qualify as newly discovered, "[t]hat is, the asserted facts 'must have been unknown by the trial court, by the party, or by counsel at the time of trial, and it must appear that defendant or his counsel

---

being in the bed and breakfast business, Ms. Steder responded she was a real estate agent and builder in Virginia. Id. at 128. Both the state and defense counsel accepted Ms. Steder. Id. at 175. Petitioner, in his Amended Second Rule 3.850 motion claimed he "would have requested and his counsel would have struck this juror had he known her background with the FBI" in an administrative capacity. Ex. 52 at 6. This is a curious assertion based on post-conviction counsel's December 14, 2012 email to trial counsel informing them that, post-trial, Timothy Faircloth had spoken to Ms. Steder, and she said: "she ended up being the lone hold our juror, holding out for not guilty[.]" (Doc. 29 at 137). Apparently, after an initial jury vote of 8 guilty and 4 not guilty, Ms. Steder became the lone holdout. Id. The Court is deeply skeptical of Petitioner's assertion that he would have struck Ms. Steder, the lone holdout for "not guilty" simply because she had worked for the FBI in an administrative or secretarial capacity.

could not have known them by the use of diligence.'" <u>Jones v.</u>
<u>State</u>, 591 So.2d at 916 (quoting <u>Hallman v. State</u>, 371 So.2d 482,
485 (Fla. 1979)).  With the use of reasonable diligence, the
juror's prior employment with the FBI could have been ascertained
at trial.  As such, the failure to discover the facts at trial was
due to want of diligence; therefore, Petitioner failed to reach
the threshold requirements for filing a timely motion (an exception
to the two-year time bar is the discovery of new evidence, the
facts on which the claim is predicated were unknown to the movant
and could not have been ascertained by the exercise of due
diligence).  As Petitioner's second successive Rule 3.850 motion
was untimely under Florida law, his motion was not properly filed
pursuant to AEDPA's tolling provision, and, therefore, his
Petition is time-barred.

    The next inquiry this Court will make is whether equitable
tolling of the statute of limitations is warranted.  Based on the
record before the Court, Petitioner has not presented any
justifiable reason why the dictates of the one-year limitation
period should not be imposed upon him.  Petitioner has failed to
show an extraordinary circumstance, and he has not met the burden
of showing that equitable tolling is warranted.[9]  The record

---

[9] In order to be entitled to equitable tolling a petitioner is
required to demonstrate two criteria:  1) the diligent pursuit of

demonstrates he had ample time to exhaust state remedies and prepare and file a federal petition.

Petitioner does, however, make a claim of actual innocence. Petition at 60; Reply at 107-110. He claims "[t]he trial evidence itself shows that Barber is actually innocent of this crime." Petition at 60. Along with claiming actual innocence, he contends his conviction constitutes a manifest injustice and fundamental miscarriage of justice. Reply at 107.

Respondents argue the claim of actual innocence is procedurally defaulted. Response at 94. In his Reply, Petitioner explains that he presents this claim "as a gateway claim," not a stand-alone claim. Reply at 107-108. He asks that: "this Court review and adjudicate the merits of his underlying constitutional claims of error despite any procedural bar." Id. at 109.

Habeas corpus, at its core, is an equitable remedy. Schlup v. Delo, 513 U.S. 298, 319 (1995). It is important to recognize, "[a]ctual innocence may provide a gateway for a § 2254 petitioner to obtain a decision on the merits for an otherwise time-barred

---

his rights and (2) some extraordinary circumstance that stood in his way and that prevented timely filing. Agnew v. Florida, No. 16-14451, 2017 WL 962489, at *5 (S.D. Fla. Feb. 1, 2017), report and recommendation adopted by No. 1614451, 2017 WL 962486 (S.D. Fla. Feb. 22, 2017). It is the petitioner's burden of persuasion, and Petitioner has not met this burden.

claim." <u>Creel v. Daniels</u>, No. 5:16-cv-00803-LSC-JEO, 2018 WL 2187797, at *2 (N.D. Ala. Apr. 12, 2018), <u>report and recommendation adopted</u>, No. 5:16cv00803-LSC-JEO, 2018 WL 2184543 (N.D. Ala. May 11, 2018) (citing <u>McQuiggin v. Perkins</u>, 569 U.S. 383, 392 (2013); <u>Rozzelle v. Sec'y, Fla. Dep't of Corr.</u>, 672 F.3d 1000, 1011 (11th Cir. 2012) (per curiam), <u>cert. denied</u>, 568 U.S. 914 (2012); <u>Wyzykowski v. Dep't of Corr.</u>, 226 F.3d 1213, 1218 (11th Cir. 2000)).[10]

To invoke the fundamental miscarriage of justice exception to AEDPA's statute of limitations, a habeas petitioner must make a credible showing of actual innocence with new reliable evidence that was not presented at trial. <u>See</u> <u>Rozzelle</u>, 672 F.3d at 1011 (finding the alleged exception for AEDPA untimeliness requires a petitioner (1) to present "new reliable evidence . . . that was not presented at trial," . . . and (2) to show "that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt" in light of the new evidence) (citations omitted). Petitioner is obliged to show "it

---

[10] Of note, Respondents provided the Court with the record of the state court proceedings, and the Court thoroughly read and considered the record before assessing whether Petitioner made a credible showing of actual innocence with new evidence not available at the time of trial. <u>See</u> <u>Wyzykowski</u>, 226 F.3d at 1219 (seeking the district court's legal analysis upon review of the record when considering whether a petitioner has made a showing of actual innocence).

is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." McQuiggin, 569 U.S. at 399 (quoting Schlup, 513 U.S. at 327) (internal quotation marks omitted).

Therefore, in order to meet this difficult standard to overcome a procedural bar, Petitioner must present new evidence that was not available at the time of trial, and it must be "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." Schlup, 513 U.S. at 324. Instead of meeting this standard and offering new reliable evidence in support of his actual innocence claim, Petitioner apparently claims the trial evidence was insufficient to convict. Petition at 60. He asserts his actual innocence gateway claim should be reviewed under the standard which requires he make only a *prima facie* showing that it is more likely than not that no reasonable juror, considering all available evidence including that which was excluded at trial (even if not newly-discovered), would have found the petitioner guilty beyond a reasonable doubt, referencing Calderon v. Thompson, 523 U.S. 538 (1998). Reply at 109.

It is clear, a petitioner must offer new evidence to satisfy the actual-innocence-gateway exception. Wroten v. Gordy, No. 16-00406-CG-C, 2017 WL 1423945, at *2 (S.D. Ala. April 19, 2017)

(noting McQuiggin quoted Schlup, and the Supreme Court really meant that a petitioner must produce new evidence to invoke the actual-innocence-gateway exception), cert. denied, 138 S. Ct. 1272 (2018); McQuiggin, 569 U.S. at 395 (restricting the miscarriage of justice exception to a severely confined category of cases in which new evidence shows it is more likely than not that no reasonable juror would have convicted the petitioner) (citation and quotation omitted).  The Eleventh Circuit, in Rozzelle, 672 F.3d at 1011, reiterated this standard: the actual-innocence-gateway exception requires new reliable evidence.

Thus, pursuant to Schlup and its progeny,[11] Petitioner must offer new reliable evidence that was not available at the time of trial.  Petitioner has not done so, and this proves fatal to his gateway claim:

> The lack of new evidence is fatal to his actual innocence argument. See House v. Bell, 547 U.S. 518, 537 (2006) ("to be credible, a gateway claim requires new reliable evidence ... that was not presented at trial"); Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) ("a claim of actual innocence must be based on reliable evidence not presented at trial"); Moore v. Frazier, 605 Fed. Appx. 863, 868 (11th Cir. 2015) ("Moore argues only that the evidence presented at trial was insufficient to convict and that the state

---

[11] As Justice O'Connor explained in her concurring opinion in Schlup, the petitioner must make a showing "in light of newly discovered evidence of innocence."  Schlup, 513 U.S. at 332 (O'Connor, J., concurring).

court failed to instruct the jury on self-
defense. But he has presented no "new reliable
evidence" showing that it is more likely than
not that no reasonable jury would have
convicted him of malice murder"); <u>Jackson v.
Chatman</u>, 589 Fed. Appx. 490, 491 (11th Cir.
2014) ("Jackson must establish that in light
of new evidence it is more likely than not
that no reasonable juror would have convicted
him.... If Jackson makes that showing, he is
not necessarily entitled to habeas relief, but
he may proceed with his untimely § 2254
petition."); <u>Brown v. Sec'y, Fla. Dep't of
Corr.</u>, 580 F. Appx 721, 727 (11th Cir. 2014)
("the petitioner must 'persuade[] the [habeas]
court that, in light of the new evidence, no
juror, acting reasonably, would have voted to
find him guilty beyond a reasonable doubt'")
(<u>quoting</u> <u>McQuiggin</u>, 569 U.S. at 386).

<u>Creel v. Daniels</u>, 2018 WL 2187797, at *3.

Instead of offering new reliable evidence that was not
available at the time of trial, Petitioner asserts that "absent
the constitutional claims of error in his case, it is more likely
than not that no reasonable juror would have found him guilty
beyond a reasonable doubt."[12]  Reply at 109.  This does not satisfy
the <u>Schlup</u> standard; without production of new reliable evidence
showing that it is more likely than not that no reasonable jury

---

[12] To the extent Petitioner may be asserting initial crime scene
photos that were not introduced by counsel, although counsel was
well-aware of them, constitute evidence of actual innocence, the
Court is not convinced.  <u>See</u> Ex. 40 at 300 (testimony of counsel
that the most relevant area of the victim's face, the left side of
her face, is in shadow).  <u>See</u> <u>also</u>, Ex. 40, Exhibit C at 519-20,
Ex. 45 at 15-16, 21-22.

would have convicted him of murder, Petitioner may not satisfactorily invoke the actual-innocence-gateway exception.

Based on the record before the Court,[13] Petitioner has not presented any justifiable reason why the dictates of the one-year imitation period should not be imposed upon him. He has failed to demonstrate he is entitled to equitable tolling. He has failed to make a credible showing of actual innocence by failing to offer new evidence that is directly probative of his innocence. Therefore, this Court will dismiss the Petition and the case with prejudice pursuant to 28 U.S.C. § 2244(d).

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.    The Amended Petition for Writ of Habeas Corpus (Doc. 6) and the case are **DISMISSED with prejudice.**

2.    The **Clerk** shall enter judgment dismissing the Amended Petition with prejudice and dismissing the case with prejudice.

3.    The **Clerk** shall close the case.

4.    If Petitioner appeals the dismissal of the Amended Petition for Writ of Habeas Corpus (Doc. 6), **the Court denies a**

---

[13] In undertaking its review of the case, the Court has reviewed the entire record before the Court, including pleadings, appendices, and exhibits. Although voluminous, the record is bereft of any new evidence probative of actual innocence.

**certificate of appealability.**[14]  Because this Court has determined

that a certificate of appealability is not warranted, the **Clerk**

shall terminate from the pending motions report any motion to

proceed on appeal as a pauper that may be filed in this case.

Such termination shall serve as a denial of the motion.

   **DONE AND ORDERED** at Jacksonville, Florida, this 12th day of

November, 2019.


_____
               BRIAN J. DAVIS
          United States District Judge



sa 10/31
c:
Counsel of Record

---

[14] This Court should issue a certificate of appealability only if
a petitioner makes "a substantial showing of the denial of a
constitutional right."  28 U.S.C. § 2253(c)(2).  To make this
substantial showing, Petitioner "must demonstrate that reasonable
jurists would find the district court's assessment of the
constitutional claims debatable or wrong," Tennard v. Dretke, 542
U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484
(2000)), or that "the issues presented were 'adequate to deserve
encouragement to proceed further,'" Miller-El v. Cockrell, 537
U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S.
880, 893 n.4 (1983)).  Upon due consideration, this Court will
deny a certificate of appealability.